28945.   COATES *v.* BENNETT.

DECIDED JUNE 11, 1941.

*L. F. Watson,* for plaintiff in error.
*R. B. Williams, Will Ed Smith,* contra.

SUTTON, J.   Fred R. Bennett foreclosed a bill of sale as a chattel mortgage for $354.06, besides interest and cost, against I. C. Coates, who filed an affidavit of illegality. The bill of sale was for the original principal sum of $554.15. The defendant set up in his affidavit of illegality that the bill of sale was given by him to Lawton Parkerson for advances made and to be made in making a crop for the year 1938; that he possibly owed Parkerson $40 or $50 at the time the bill of sale was executed, but the main consideration thereof was for supplies to be furnished; that under this contract the defendant purchased from Parkerson supplies to the amount of $210, and paid him in full therefor during the fall of 1938; that the plaintiff knew that the note or bill of sale was given for supplies to be furnished; that he received it as a holder after it was due; and that the defendant was not indebted to him or Parkerson on said note, but that he had paid it in full. On the trial a verdict in favor of the plaintiff was rendered. The defendant moved for a new trial, and the exception is to the overruling of that motion.

The evidence showed that an indebtedness of several hundred dollars was incurred by the defendant to the plaintiff for supplies furnished for the operation of a farm during the year 1937, and that the defendant also obtained a "seed loan" for $350 from the Government that year, which was paid by the plaintiff for the defendant. The defendant paid the plaintiff for the supplies fur-

nished that year, but failed to pay him the amount he paid the Government for the "seed loan." The defendant testified, that the bill of sale involved in the present case was given for supplies to be furnished to him in his farming operations during the year 1938; and that he did not agree for it to include the amount of the "seed loan" above mentioned; but he admitted that the amount of the "seed loan" was paid to the Government by the plaintiff, and that he had not repaid the plaintiff. He testified, that during the year 1938 he obtained supplies to the amount of $210 from the plaintiff and Parkerson, under the bill of sale; that he had paid for all of the supplies so furnished him; and that he was not further indebted under this instrument. He testified that he read the bill of sale and knew the amount of it before he signed it. The testimony of the plaintiff was to the effect that he paid the Government the amount of the "seed loan" for the defendant, after the defendant agreed for him to do so, and that the defendant then agreed for the amount of this "seed loan" to be included in the bill of sale foreclosed in this case. It was admitted by the plaintiff that the defendant was entitled to a credit of $210 on the note and bill of sale. So the issue to be determined was whether the defendant was indebted to the plaintiff on the bill of sale for the amount of the "seed loan."

While the charge of the court was rather brief, we think it was a sufficient instruction to enable the jury to pass on the substantial and controlling issues in the case. The jury having resolved the issues in favor of the plaintiff, and no error of law appearing, the judgment of the trial court is

*Affirmed. Stephens, P. J., concurs. Felton, J., dissents.*